(April 2, 1896.)

## GAFFNEY v. PIPER, Judge.

[44 Pac. 552.]

BANKRUPTCY—ELECTION OF ASSIGNEE.—In involuntary bankruptcy under the laws of the state of Idaho, the election of an assignee by a majority in amount of the claims proven, must prevail, and it is error for the court to disregard their action and appoint an assignee of its own selection.

(Syllabus by the court.)

An original proceeding by writ of review, Latah County.

S. S. Denning and Morgan & Moore, for Plaintiff.

This cause coming up on *certiorari* the inquiry should be confined to a consideration of the authority of the district court to appoint an assignee of its own motion without consideration of the wishes of the creditors. In brief, did the court below exceed its jurisdiction? (Sess. Laws, 1895, p. 76, amendatory to Rev. Stats., secs. 5880, 5882.) The proceeding in insolvency

is purely a statutory one, being in derogation of the common law, and the provisions and requirements of the statute must be strictly complied with. (*McAllister v. Strode,* 7 Cal. 428; *Meyers v. Kohlman,* 8 Cal. 47 )

Forney, Smith & Moore, for Defendants.

Does the record show that the petitioner has such an interest in this proceeding as will entitle him to the writ? In other words, is he the party beneficially interested within the meaning of section 4263 of the Revised Statutes of Idaho which says: "The application must be made on affidavit by the party beneficially interested, etc."? We maintain an assignee is not a party beneficially interested in the proceedings relating to insolvency, and in support of this contention we call the court's attention to Henning on Insolvency and Assignment, 26; *Rued v. Cooper,* 109 Cal. 682, 34 Pac. 98; *State v. Parker,* 6 Wash. 411, 34 Pac. 149; *People v. Pacheco,* 29 Cal. 213; *People v. County Judge,* 40 Cal. 479; 2 Spelling's Extraordinary Relief, sec. 1894; *Brigel v. Starbuck,* 34 Ohio St. 260 (288); *Graff's Estate,* 146 Pa. St. 415, 23 Atl. 397. It has been held that the peculiar interest which a petitioner in *certiorari* must have in order to entitle him to the writ must be a pecuniary one. (3 Am. & Eng. Ency. of Law, 63, footnote on Petitioner's Interest, and cases.) *Certiorari* will not lie from an interlocutory order. (3 Am. & Eng. Ency. of Law, 65, reference 1; *People v. Lindsay,* 1 Idaho, 401.)

HUSTON, J.—This is a *certiorari* to the district judge of the second judicial district in and for Latah county. The case as presented by the record is briefly this: The bank of Genessee, a corporation, filed its petition in involuntary bankruptcy under the provisions of sections 5880 and 5882 of the Revised Statutes of Idaho, as amended by the laws of the third session of the Idaho legislature. (See Sess. Laws 1895, pp. 76, 77.) By section 5882, as amended, it is provided that: "In electing an assignee, the opinion of the majority in amount of claims must prevail." At a meeting of the creditors of said corporation, called in pursuance of the statute, the plaintiff was elected assignee by the vote of a majority in amount of the creditors of

said corporation, but the judge of said district court, for reasons which seem to have been satisfactory to him, saw fit to set aside the action of the creditors and upon his own motion to appoint an assignee of his own selection, entirely ignoring the provisions of the statute and the action of the creditors thereunder. This was as unwarranted as it is unheard of in the annals of juridical assumption. The express provisions of the statute are ignored, as well as the rights of the creditors as established by law. The action of the district court is reversed, and the cause remanded for further proceedings.

Morgan, C. J., and Sullivan, J., concur.